OPINION
{¶ 1} On April 24, 2002, the Stark County Grand Jury indicted appellant, Anthony Allen, on one count of abduction in violation of R.C.2905.02 and one count of assault in violation of R.C. 2923.13. Said charges arose from an incident involving Laura Wallick.
 {¶ 2} A jury trial commenced on May 21, 2002. The jury found appellant guilty. By judgment entry filed May 23, 2002, the trial court sentenced appellant to an aggregate term of five years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "Appellant was denied a fair trial in violation of the United States and Ohio Constitutions due to the ineffective assistance of trial counsel."
 II {¶ 5} "The imposition of a maximum sentence is against the manifest weight of the evidence and contrary to law."
 III {¶ 6} "The verdict is against the manifest weight and sufficiency of the evidence and contrary to law."
 IV {¶ 7} "The cumulative effect of errors during the trial resulted in appellant being denied a fair trial."
 I
Appellant claims he was denied the effective assistance of trial counsel. We disagree.
 {¶ 8} The standard this issue must be measured against is set out in State v. Bradley(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 9} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle[1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 10} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 11} Specifically, appellant claims his trial counsel was ineffective for failing to object to inadmissible hearsay, failing to object to Officer Diels's testimony regarding an active warrant and his familiarity with appellant, and failing to request a jury charge on the lesser included offense of unlawful restraint.
 EVIDENTIARY ISSUES {¶ 12} Appellant claims if his trial counsel would have objected to the following testimony of Officer Diels, the testimony would have been disallowed as inadmissible hearsay:
 {¶ 13} "Q. Go ahead and tell the jury what happened at that point?
"A. Myself and my partner, who was Officer Garren, we were at a routine traffic stop at Eighth and Queen NW. At which time a female approached us. She seemed very nervous, upset. She stated to us that someone had just assaulted her, someone had just threw her in the car. And as the car was driving away she stated she saw us on the traffic stop and that she jumped out of the car while it was moving.
 {¶ 14} "I asked her if she could describe an individual. She stated that it was a black male. She stated that she only knew him by Kaplunka. I work downtown so I am familiar with a lot of the nicknames. I knew Kaplunka to be Anthony Allen.
 {¶ 15} "Q. And with the information what did you proceed to do at that point?
 {¶ 16} "A. At that point Officer Garren got in the cruiser and we attempted to located (sic) the individual. She stated that they were in a tan vehicle. I know the areas where Anthony frequents around Second and so forth, where he may be.
 {¶ 17} * * *
 {¶ 18} "Continued to look for the vehicle, couldn't find it. We went back to an apartment where she said she was taken by Anthony Allen earlier, which was at the 400 block of McKinley. * * *
 {¶ 19} "We started taking the report and interviewing her, finding out what happened exactly. And at that point she observed a vehicle drive eastbound on Fifth Street N.W. and she stated that Anthony Allen was the passenger.
 {¶ 20} * * *
 {¶ 21} "* * * We initiated a traffic stop. We had Officer Garren secure Anthony Allen who was the passenger in the vehicle. I went to the driver of the vehicle who was identified as Loren Stephens I believe. As he got out of the vehicle, he stated to me I will tell you everything. I said what do you mean? He said well, the passenger had just assaulted the female, threw her in the back of the car." T. 111-113, 114.
Although appellant assigns these statements as error under ineffective assistance of trial counsel, we find trial counsel did in fact object to the statements as hearsay. T. at 113-114. In particular, the trial court sustained the objection to the latter part of the statement. T. at 115.
 {¶ 22} We also find Officer Diels's testimony would have qualified under Evid.R. 803(2) as a spontaneous utterance because the officer testified Ms. Wallick's statements were made contemporaneous with the act and she appeared to be nervous and distressed. T. at 112. Furthermore, both Mr. Stephens and Ms. Wallick testified at trial.
 {¶ 23} Appellant also claims his trial counsel should have objected to the officer's testimony regarding his familiarity with appellant and the fact that he ran an active arrest warrant check on appellant and found an outstanding warrant from Belmont County. T. at 112, 116. We find this testimony was not provoked by the state and any objection to these brief statements would have only emphasized the obvious. A decision such as this was clearly trial strategy. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio St.3d 380, 388. We fail to find ineffective assistance of trial counsel as to these statements given their minimal impact versus the overwhelming weight of the evidence from Ms. Wallick and Mr. Stephens.
 JURY INSTRUCTION
Appellant argues his trial counsel should have requested a jury instruction on the lesser included offense of unlawful restraint pursuant to R.C. 2905.03. Unlawful restraint is distinguished from abduction by the lack of "force or threat." The testimony sub judice was centered on appellant's use of force. Mr. Stephens testified appellant struck Ms. Wallick twice in the face, pulled her toward the car and put her in the car. T. at 93-94. Mr. Stephens stated Ms. Wallick "looked scared she looked really scared." T. at 97. Ms. Wallick testified appellant hit her in the face, grabbed her by the throat and threw her in the car. T. at 129. Ms. Wallick stated she was afraid of appellant and did not want to be in the car with him. T. at 130. Appellant's defense was that Ms. Wallick voluntarily left with him. T. at 147-148.
 {¶ 24} Clearly, the defense of the case was predicated on appellant's position that he did not restrain or abduct Ms. Wallick. A lesser included offense charge would have been inconsistent with the defense of the case. The defense strategy was to discredit the testimony of Mr. Stephens and Ms. Wallick and claim the incident did not happen at all.
 {¶ 25} We find no ineffective assistance of trial counsel in not requesting the lesser included offense of unlawful restraint.
 {¶ 26} Assignment of Error I is denied.
 II {¶ 27} Appellant claims the trial court erred in sentencing him to the maximum sentence. We disagree.
 {¶ 28} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
"The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 29} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 30} "(b) That the sentence is otherwise contrary to law."
 {¶ 31} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford(1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 32} Appellant was found guilty of abduction in violation of R.C. 2905.02, a felony of the third degree, and assault in violation of R.C. 2903.13, a misdemeanor of the first degree. Pursuant to R.C.2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." Misdemeanors of the first degree are punishable by six months in jail. R.C. 2929.21(B)(1). By judgment entry filed May 23, 2002, the trial court sentenced appellant to five years on the abduction conviction and six months on the assault conviction, to be served concurrently.
 {¶ 33} Pursuant to R.C. 2929.14(C), a trial court may impose the longest prison term authorized for the offense only upon offenders "who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * * and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 34} In this regard, appellant claims he should not have been given the maximum sentence because it was not the worst form of the offense and he was contrite.
The trial court specifically addressed the "seriousness" and "recidivism" factors of R.C. 2929.12 during sentencing:
 {¶ 35} "Thank you. The Court has reviewed this matter. Of course, I had the opportunity to sit through this case and watch the witnesses testify in this matter. The Court would note that this victim was certainly in fear of the Defendant not only on the night in question, but today when she was in court just simply watching her demeanor in the courtroom.
 {¶ 36} "This is a young lady with a lot of problems that was significantly taken advantage of by the Defendant in his position. And there is no doubt in my mind what was going on here. There is no doubt in my mind that this is a pimp looking for a whore. There is no doubt in my mind that's what was going on.
 {¶ 37} "The Court also finds the Defendant's prior criminal record spans, if my math is right, somewhere around 25 years of numerous felonies. He has been to prison I lost count, about four or five times that he had been in the state prison system.
 {¶ 38} "The Court would find that not only did he commit the worst form of this offense by the abduction on this young lady, but also that he poses the greatest likelihood of committing future crimes. There is no doubt in my mind that if he's on the street he will commit future crimes." T. at 202-204.
 {¶ 39} Upon review, we cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
 {¶ 40} Assignment of Error II is denied.
 III {¶ 41} Appellant claims his convictions for abduction and assault were against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin(1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martinat 175.
 {¶ 42} The essential elements of abduction pursuant to R.C.2905.02 are as follows:
 {¶ 43} "(A) No person, without privilege to do so, shall knowingly do any of the following:
 {¶ 44} "(1) By force or threat, remove another from the place where the other person is found;
 {¶ 45} "(2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear;
 {¶ 46} "(3) Hold another in a condition of involuntary servitude."
 {¶ 47} The essential elements of assault in violation of R.C.2903.13 are as follows:
 {¶ 48} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 {¶ 49} "(B) No person shall recklessly cause serious physical harm to another or to another's unborn."
We find the identical testimony of Mr. Stephens and Ms. Wallick as cited supra (93-94, 129-130), is sufficient, if believed by the triers of fact, to uphold the convictions.
 {¶ 50} Assignment of Error III is denied.
 IV {¶ 51} Appellant claims his conviction should be reversed based on cumulative errors. Having found no error in the assignments of error supra, this assignment of error is denied.
 {¶ 52} Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.